[64 C.2d 886; 50 Cal.Rptr. 912, 413 P.2d 856]

[S. F. No. 22017.   In Bank.   May 10, 1966.]

REDEVELOPMENT AGENCY OF THE CITY OF FRESNO, Petitioner, v. KARL BUCKMAN, as Chairman, etc., Respondent.

Lerrigo, Thuesen & Thompson, Frank C. Lerrigo, Maurice E. Smith, McDonough, Holland, Schwartz, Allen & Wahrhaftig, Martin McDonough, Bruce F. Allen and Joseph E. Coomes, Jr., for Petitioner.

Eugene B. Jacobs, Henry F. Davis, Carlson, Collins, Gordon & Bold, Frederick Bold, Jr., John F. Duff, Richard G. Logan,

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

Cyril A. Coyle, James S. DeMartini, Thomas Arata, William J. Bush, Peter J. Donnici, James T. McDonald, Richard B. Morris, Richard A. Bancroft, Jack Greenberg, Robert M. O'Neil, Joseph B. Robison, Sol Rabkin, Duane B. Beeson, Seymour Farber, Robert H. Laws, Jr., Howard Nemerovski, John G. Clancy, and Ephraim Margolin as Amici Curiae on behalf of Petitioner.

Peckinpah, Fryer & Karr, Kenneth J. Fryer and Richard W. Nichols for Respondent.

Gibson, Dunn & Crutcher, William French Smith, Samuel O. Pruitt, Jr., and Charles S. Battles, Jr., as Amici Curiae.

PEEK, J.—The Redevelopment Agency of the City of Fresno seeks a writ of mandate to compel its chairman to enter into and execute on behalf of the agency a contract with the United States government for a loan and grant to the agency in excess of $6,000,000 for the redevelopment of a blighted area in that city.

The offer of loan and grant has been extended by the United States government, through the Housing and Home Finance Administrator, subject to compliance by the agency with Title VI of the Civil Rights Act of 1964 (78 Stat. 252) and the regulations issued thereunder by the administrator pertaining to anti-discrimination on the basis of race, color or national origin. The chairman refuses to execute the contract on the ground that article I, section 26, of the California Constitution[1] expressly prohibits the agency from denying the right of

---

[1] Article I, section 26, provides: "Neither the State nor any subdivision or agency thereof shall deny, limit or abridge, directly or indirectly the right of any person, who is willing or desirous to sell, lease or rent any part or all of his real property, to decline to sell, lease or rent such property to such person or persons as he, in his absolute discretion, chooses.

" 'Person' includes individuals, partnerships, corporations and other legal entities and their agents or representatives but does not include the State or any subdivision thereof with respect to the sale, lease or rental of property owned by it.

" 'Real property' consists of any interest in real property of any kind or quality, present or future, irrespective of how obtained or financed, which is used, designed, constructed, zoned or otherwise devoted to or limited for residential purposes whether as a single dwelling or as a dwelling for two or more persons or families living together or independently of each other.

"This Article shall not apply to the obtaining of property by eminent domain pursuant to Article I, Sections 14 and 14½ of this Constitution, nor to the renting or providing of any accommodation for lodging purposes by a hotel, motel or other similar public place engaged in furnishing lodging to transient guests.

"If any part or provision of this Article, or the application thereof to any person or circumstance, is held invalid, the remainder of the Article,

any redeveloper of any real property within the agency project to sell, lease or rent such project real property to whomsoever he chooses, whereas the agency would be contractually obligated to actively prevent discrimination on the basis of race, color or national origin should it enter into the contract. As such contractual obligations would thus be inconsistent with article I, section 26, the chairman claims they constitute obligations which the agency cannot assume or fulfill.

It is contended that the chairman's refusal to execute the contract will result in irreparable injury to petitioner, that it has no plain, speedy and adequate remedy at law, and accordingly seeks mandate "for the reason that public necessity and general welfare of the People of the State of California direly need and require a final and immediate determination of the nature, validity and applicability of the said Article I, Section 26, of the Constitution of the State of California." The petitioner prays that its chairman be directed to execute the proposed contract.

Petitioner also seeks a declaration that article I, section 26, as a matter of statutory interpretation, does not apply to redevelopment programs or, if it does so apply, such specific application is violative of the Fourteenth Amendment in denying the equal protection of the law, and for that reason unconstitutional.

The argument that the provision does not apply to urban renewal depends upon the definition of "persons" who are affected as not including "the State or any subdivision thereof," campaign propaganda prior to the adoption of the provision by popular vote in the 1964 general election to the effect that the state and its agencies would not be affected, and the clear prohibition of the Fourteenth Amendment against direct and obvious state action in discriminating.

We have concluded today in *Mulkey* v. *Reitman, ante,* p. 529 [50 Cal.Rptr. 881, 413 P.2d 825], that article I, section 26, is unconstitutional in its entirety. Certainly in the instant application, if indeed section 26 is applicable to urban redevelopment as urged by the chairman in his return, the agency's participation in making properties available to even private parties (Health & Saf. Code, §§ 33000 et seq.) would compel a conclusion *a fortiori,* that state action is significantly

including the application of such part or provision to other persons or circumstances, shall not be affected thereby and shall continue in full force and effect. To this end the provisions of this Article are severable."

involved. (See *Burton* v. *Wilmington Parking Authority*, 365 U.S. 715, 722 [81 S.Ct. 856, 6 L.Ed.2d 45].) But it is unnecessary that we construe article I, section 26, to determine whether the contemplated conduct falls within the proscription of that provision, as it must be deemed null and void and not applicable in any and all circumstances.

The real relief sought by petitioner appears to be more in the nature of an advisory opinion that article I, section 26, is unconstitutional rather than "to compel the performance of an act which the law specially enjoins." (Code Civ. Proc., § 1085.) As we have, in *Mulkey* v. *Reitman, ante,* p. 529 [50 Cal.Rptr. 881, 413 P.2d 825] in effect rendered such an advisory opinion, the instant issues should be deemed to have been rendered moot, and for that reason the alternative writ is discharged and the peremptory writ denied.

Traynor, C. J., Peters, J., Tobriner, J., and Burke, J., concurred.

WHITE, J.*—I dissent.

The majority hold that it is unnecessary to determine whether section 26 is applicable to urban redevelopment for the reason that section 26 is unconstitutional in its entirety and therefore not applicable "in any and all circumstances."

With this conclusion I disagree for the reasons stated in my dissenting opinion in *Mulkey* v. *Reitman, ante,* p. 545 [50 Cal.Rptr. 892, 413 P.2d 836].

Also, I am further convinced that there is nothing in section 26 which would prohibit respondent herein from entering into the agreement here in question, or any other agreement with a federal agency, upon such terms as the latter may require.

The redevelopment and housing legislation in California establishes a redevelopment agency in each community as an administrative arm of the state. Indeed, the California Health and Safety Code, section 33005, defines the term "State" to include any state agency or instrumentality.

Since property owned by a redevelopment agency is excluded from the coverage of section 26, the agency may clearly include a nondiscrimination covenant as a condition of the disposition of its own property. And a purchaser of project property, whether from the redevelopment agency or a

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

subsequent purchaser of the same property, may purchase it or not, as he sees fit. However, if he does purchase he accepts the land subject to other conditions or restrictions running with the land. If these restrictions, including a nondiscrimination one, do not suit his tastes, he is under no obligation to purchase.

This is equally true with the owner of property in a redevelopment project who enters into an agreement as a participating owner, thereby avoiding the acquisition of his property by eminent domain. It seems clear to me that if one enters into an agreement to sell or to purchase property upon terms satisfactory to the buyer and seller, such an agreement is binding and enforceable. Therefore, if a person chooses to take property with a nondiscrimination covenant, the state is not interfering with any right he might have to refuse to sell in the absence of such a contract. A nondiscrimination covenant running with the land is legal and lawful, and is accepted the same as all other covenants by subsequent purchasers.

Solely upon the ground that section 26 is no barrier whatever to petitioner's ability to comply fully with the proposed contract with a federal agency which respondent for the same reason may lawfully execute, I would issue the writ as prayed.

McComb, J., concurred.